IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**VALERIE A. VASQUEZ,**

    **Plaintiff,**

v.     No. 1:25-cv-00257-JHR-KK

**UNITED STATES OF AMERICA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 6]

THIS MATTER comes before the Court on Defendant United States of America's Motion to Dismiss. [Doc. 6]. Vasquez submitted a notice in response to the motion on April 7, 2025, [Doc. 10], and the United States replied [Doc. 12]. Having reviewed the briefing, case record, and applicable law, the Court GRANTS the United States' motion to dismiss and DISMISSES WITHOUT PREJUDICE Vasquez's claims.

### I. PROCEDURAL BACKGROUND

Vasquez filed a pro se complaint in New Mexico state court against Dr. Xingyou Shi on June 20, 2024, alleging Shi over-drilled her lower jaw during a dentist visit causing persistent pain and numbness. [Doc. 1-2]. Vasquez's complaint does not cite a specific cause of action but seeks damages and makes allegations consistent with a tort suit for negligence. The United States removed to this Court on March 12, 2025, asserting that Shi and her employer, Albuquerque Health Care for the Homeless ("AHCH") are covered by the Federal Tort Claims Act ("FTCA") as extensions of the Bureau of Primary Health Care. [Doc. 1, at 2]. The United States moved to substitute itself as the proper defendant, providing the certification of then-acting United States

1

District Attorney for the District of New Mexico Holland Kastrin that at all relevant times alleged in the complaint Shi acted within the scope of federal employment. [Docs. 4, 1-3]. The United States also filed the instant motion to dismiss on March 18, 2025. [Doc. 6]. Vasquez did not oppose the motion to substitute, and the Court granted it. [Doc. 15 text only]. The Court now turns to the motion to dismiss.

## II.     BRIEFING SUMMARY

The United States argues that the FTCA governs and requires Vasquez to exhaust her administrative remedies via a written demand for damages to the appropriate agency. [Doc. 6, at 6]. Because Vasquez did not do so before filing suit, the Court lacks subject matter jurisdiction to adjudicate her claims against the United States. *Id.* at 7–8. Vasquez did not respond to the United States' legal argument but submitted treatment notes from a doctor's visit on June 18, 2024, and a scan of a demand letter for her personal injuries dated April 7, 2025, and addressed to Brett Eaton, a former Assistant United States Attorney for the District of New Mexico who previously represented the United States in this matter. [Doc. 10]. In reply, the United States argues the demand letter and treatment notes do not meet the FTCA's criteria for exhaustion. [Doc. 12].

## III.    APPLICABLE LAW

**A.     Standard of Review.**

A defendant may move to dismiss a complaint for a federal court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant may challenge the court's jurisdiction either on the face of the plaintiff's complaint or by contesting the facts on which jurisdiction relies. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). If the defendant attacks the face of the complaint, the court assumes all the complaint's factual allegations are true and makes all reasonable inferences in favor of the plaintiff when determining if it has jurisdiction. *Audubon of*

*Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). If the defendant contests jurisdictional facts, the court does not presume true the complaint's allegations but has wide discretion to accept affidavits, other documents, and even hold a limited evidentiary hearing to resolve the factual dispute. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002). But if jurisdiction is intertwined with the merits of the plaintiff's claims, the court must convert the motion to dismiss to a Rule 12(b)(6) motion to dismiss for failure to state a claim or, if material facts are at issue, a Rule 56 motion for summary judgment. *Knellinger v. Young*, 134 F.4th 1034, 1041 (10th Cir. 2025). Jurisdiction is intertwined with the case's merits when determining "the jurisdictional question requires resolution of an aspect of the substantive claim." *Id.* (quoting *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000)).

B.   **Westfall Act, FTCA, and Sovereign Immunity.**

Under the Westfall Act, federal employees enjoy immunity from tort suits for damages for any act or omission within the scope of their employment. 28 U.S.C. § 2679(b)(1). Plaintiffs may only pursue these claims against the United States under the FTCA. *Id.* Eligible employees and contractors of public health entities receiving federal funds under 42 U.S.C. § 254(b) are deemed federal employees under the FTCA. 42 U.S.C. § 233(g)(1)(A), (4); *McKinnon v. United States*, No. 99-cv-00657, 2000 WL 36739951, at *7 (D.N.M. Mar. 9, 2000).

The FTCA constitutes a limited waiver of the United States' immunity from suits for damages. *Three-M Enters., Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1997). Therefore, in order for a federal court to have jurisdiction over a tort claim under the FTCA, the conditions for that waiver must be strictly followed. *Id.* at 295; *Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457, 1463 (10th Cir. 1989). One condition is the exhaustion of administrative remedies; before filing suit, a plaintiff must present a written demand for her tort claim to the responsible federal

agency to either accept or deny. 28 U.S.C. § 2675(a). The plaintiff cannot sue the United States until the agency is presented the demand and either denies it or fails to make a final disposition within six months. *Id.* Exhaustion cannot be waived nor satisfied after the commencement of a suit. *Bradley v. U.S. by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991); *McNeil v. United States*, 508 U.S. 106, 112 (1993).

Typically, a plaintiff may make her demand via an SF-95 form. 28 C.F.R. § 14.2(a). However, any written notice which includes a sum certain of damages and a description of the necessary circumstances and facts surrounding the plaintiff's claims is sufficient, even if the exact grounds for the government's liability is absent. *Bradley*, 951 F.2d at 271; *Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 853 (10th Cir. 2005); *but see Benally v. United States*, 735 F. App'x 480, 486 (10th Cir. 2018) (demand concerning injuries related to surgery did not give notice of claims relating to post-operative care). The plaintiff carries the burden of proving she complied with the FTCA's exhaustion requirement. *Ohlsen v. United States*, 998 F.3d 1143, 1154 (10th Cir. 2021).

## IV.  ANALYSIS

The Court finds the FTCA governs this matter because the U.S. District Attorney for the District of New Mexico certified that Shi acted within the scope of federal employment pursuant to 42 U.S.C. § 233, the Court approved the United States' substitution, and Vasquez failed to challenge either the certification or the substitution. *See Osborn v. Haley*, 549 U.S. 225, 231 (2007) (substitution of United States under FTCA upon certification holds unless the court finds the employee was not acting within the scope of federal employment); *see also Greer v. United States*, 72 F. App'x 793, 796 (10th Cir. 2003). Therefore, Vasquez must show she exhausted her administrative remedies with the Public Health Service prior to filing her suit. Because the merits

of Vasquez's claims are not at issue, the Court may consider extrinsic evidence without converting the United States' motion to a motion for summary judgment. *De Baca v. United States*, 399 F. Supp. 3d 1052, 1183 (D.N.M. 2019).

Vasquez's treatment notes do not indicate she submitted any demand to an appropriate agency. The demand letter Vasquez provided was addressed to an Assistant U.S. District Attorney, lacked description of the cause of her injuries, and was dated after the commencement of her suit, which does not satisfy § 2675(a). *McNeil*, 508 U.S. at 112. Consequently, Vasquez has failed to prove an effective waiver of sovereign immunity under the FTCA. The Court does not have subject matter jurisdiction to adjudicate Vasquez's suit and must dismiss without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

## V.    CONCLUSION

For the reasons above, the Court GRANTS the United States' motion to dismiss [Doc. 6] and DISMISSES WITHOUT PREJUDICE Vasquez's claims.

IT IS SO ORDERED.

                                                     Hon. Jerry H. Ritter
                                                     United States Magistrate Judge
                                                     Presiding by Consent